# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BROOKS HOFFMANN,

    Plaintiff,

vs.

SHEA MURPHY,

    Defendant.

3:19-cv-00032-RCJ-CBC

**ORDER**

Pending before the Court are the following four motions: Defendant's Motion to Dismiss (ECF No. 8); Plaintiff's Motion to "Squash" Reply to Defendant's Motion to Dismiss (ECF No. 17); Plaintiff's Motion to Amend Complaint (ECF No. 18); and Defendant's Motion to Strike (ECF No. 19). The Court finds that the Plaintiff's Complaint is meritless and that this case should be dismissed with prejudice for failure to state a claim, as amendment would be futile.

**I.  FACTS AND PROCEDURAL HISTORY**

In July 2008, the Plaintiff, attended a water aerobics class at the Lovelock Municipal Swimming Pool. The Defendant's only unfortunate connection to the Plaintiff is that she was an attendee at that water aerobics class. There were six women and one man (the Plaintiff) in attendance, along with two young female lifeguards who conducted the class. During the class, several women and both lifeguards observed the Plaintiff allegedly masturbating in the pool. Ms.

///

Murphy, the Defendant, as well as another participant from the class, made a report to the Pershing County Sheriff's Office.

After conducting an investigation, the Pershing County Sheriff's Office concluded that there was probable cause and issued a trespass notice to the Plaintiff. The Plaintiff responded by suing James Rowe (then head custodian of the Lovelock Municipal Swimming Pool), Pershing County, and the Pershing County Tourism Authority for defamation, among various other causes of action. In 2013, the case was tried by a jury, and the jury returned a verdict in favor of the defendants. Ms. Murphy, the Defendant here, was subpoenaed to testify at the trial but was not called as a witness.

Based on these events dating back to 2008, the Plaintiff has now filed a lawsuit against Ms. Murphy, the Defendant, alleging multiple causes of action. Pending before the Court is the Defendant's Motion to Dismiss.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To be sufficient, a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at

555); *Iqbal*, 556 U.S. at 678. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted).

When considering whether a complaint is sufficient to state a claim, all material allegations are taken as true and construed in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, a formulaic recitation of a cause of action with conclusory allegations is insufficient. *Iqbal*, 556 U.S. at 677–79 (citing *Twombly*, 550 U.S. at 556). The factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## II. ANALYSIS

Little analysis is needed. The Plaintiff's claims are frivolous and should be dismissed with prejudice for failure to state a claim.

### A. Motion to Dismiss

The Plaintiff's first cause of action premised on Title VII is frivolous and must be dismissed. Title VII prohibits discrimination based upon an individual's status as a member of a protected class, only in the employment context. *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981). The Defendant is not the Plaintiff's employer nor is the Pershing County School District, which employs the Defendant. The Defendant's only connection to the Plaintiff is that she was a fellow pool participant eleven years ago and reported conduct by the Plaintiff to law enforcement. Therefore, no liability exists under Title VII, and the Plaintiff's cause of action under Title VII must be dismissed with prejudice for failure to state a claim.

The Plaintiff's second cause of action for "abuse of process" is frivolous and must be dismissed. While the origins of the Plaintiff's second cause of action are not entirely clear, the

Plaintiff titles this claim as one for "abuse of process-(power)" and cites to 36 C.F.R. § 1275.16. However, this section is entirely irrelevant and does not provide the Plaintiff a cause of action. The section cited relates to presidential historical materials and, specifically, historical materials possessed by former President Richard Nixon. Clearly, reporting the Plaintiff masturbating during a water aerobics class at a municipal swimming pool, could not possibly implicate the regulatory section cited by the Plaintiff nor can the Plaintiff sue for abuse of governmental power, since the Defendant was not acting under color of state law when she made the report. Therefore, the Plaintiff's second cause of action must be dismissed with prejudice for failure to state a claim.

The Plaintiff's third cause of action is likewise frivolous and must be dismissed with prejudice for failure to state a claim. The basis of the Plaintiff's third cause of action is unclear. The Plaintiff references "the Protection of Womens [sic] Act," Title VII, the Fourteenth Amendment, and "violent gender discrimination." However, it is clear that these references are irrelevant and do not supply a cause of action. No facts exist to suggest that the Defendant took any action under the color of state law and the Defendant is not the Plaintiff's employer. Therefore, the Plaintiff's third cause of action must be dismissed with prejudice for failure to state a claim.

The Plaintiff's fourth cause of action is also frivolous and must be dismissed with prejudice for failure to state a claim. The Plaintiff's fourth cause of action is unintelligible and cites to the section of the United States Code that provides diversity jurisdiction. While jurisdiction is required for federal court, the existence of jurisdictional diversity is not a cause of action. As a result, the Plaintiff's fourth cause of action must be dismissed with prejudice for failure to state a claim.

///

The Plaintiff's fifth cause of action is frivolous and must similarly be dismissed with prejudice for failure to state a claim. Under the Plaintiff's fifth cause of action, he seeks damages for violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). However, neither provision provides a relevant cause of action. The ADA and RA prohibit discrimination by public entities against qualified individuals with disabilities. The ADA provides that covered individuals cannot be excluded from participation in, or be denied the benefits of, the services, programs or activities of a public entity or be subjected to discrimination by such entity. The RA provides that no qualified individual shall be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. *See* 29 U.S.C. § 794(a). It is beyond question that the Defendant (an individual) is not a public entity and therefore cannot, as a matter of law, have violated either statute. Consequently, the Plaintiff's fifth cause of action must be dismissed with prejudice for failure to state a claim.

Finally, the Plaintiff's sixth cause of action is frivolous and must also be dismissed. In his sixth cause of action, the Plaintiff seeks damages against the Defendant under state tort legal theories, including defamation, libel, and slander. However, these claims are time-barred. The statute of limitations on any such claim is two years. Nev. Rev. Stat. § 11.190(4)(c). Thus, to the extent these claims are based upon the Defendant's report to law enforcement in 2008, they are clearly time-barred. To the extent the Plaintiff bases these claims upon anything stated by the Defendant in an application for a temporary restraining order made in 2016, that claim, too, is barred by the two-year statute of limitations. Furthermore, any statements made by the Defendant in connection with judicial proceedings are absolutely privileged and cannot form the basis of a defamation claim. *Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014) ("Nevada has long recognized the existence of an absolute privilege for defamatory statements made during the

course of judicial and quasi-judicial proceedings. This privilege, which acts as a complete bar to defamation claims based on privileged statements, recognizes that '[c]ertain communications, although defamatory, should not serve as the basis for liability in a defamation action and are entitled to an absolute privilege because 'the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements'") (internal citations omitted).

Accordingly, the Court finds that the Plaintiff's complaint is frivolous as it patently lacks an arguable basis in either law or fact. *Albano v. Miller*, 907 F.2d 154, 154 (9th Cir. 1990) ("A complaint is frivolous if it lacks an arguable basis in either law or in fact. [The plaintiff's] complaint would lack an arguable basis in law if his claim were time-barred."). A reasonable inquiry would have revealed that the Defendant is not a public entity, is not a state actor, is not the Plaintiff's employer, did not and could not have acted under the color of law, and that the claims brought here are groundless and time-barred by the applicable statues of limitations. Upon entry of this Order, the Court will entertain appropriate motions by the Defendant for attorney's fees and costs. The Court additionally warns the Plaintiff: frivolous filings waste governmental and private resources and may result in legal punishment.

### A. Motion to Strike & Motion to Squash/Reply

The Defendant's Motion to Strike is granted, and the Plaintiff's Motion to "Squash" Reply to Motion to Dismiss will be stricken from the record. Although partially titled and filed as a Motion to "Squash," the Plaintiff's Motion is actually a "surreply" to the Defendant's Motion to Dismiss. However, the local rules do not permit a responding party to file a surreply without leave of court. LR 7-2(b). Only the party who files a motion can file a reply to a response from an opposing party; a party opposing a motion is only entitled to file a response. Therefore, the Defendant's Motion to Strike is granted.

**B. Motion to Amend**

The Plaintiff's Motion to Amend Complaint is denied. The Plaintiff did not follow the basic procedural requirements for seeking amendment of his Complaint. The Plaintiff did not seek to amend his complaint within twenty-one days of serving it and did not obtain the Defendant's consent to file an amendment. Furthermore, the Plaintiff failed to seek leave of court to amend his Complaint. Regardless, the Plaintiff has failed to identify any new causes of action or new parties to be added to this case, and leave to amend is futile because this case arises out of events that occurred in July of 2008.

## CONCLUSION

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss (ECF No. 8) is GRANTED. This case is dismissed in its entirety with prejudice.

IT IS FURTHER ORDERED that the Defendant's Motion to Strike (ECF No. 19) is GRANTED. The Plaintiff's Motion to "Squash" Reply to Defendant's Motion to Dismiss (ECF No. 17) will be stricken from the record.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Amend Complaint (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case and enter judgment accordingly.

Dated this 9th day of July, 2019.

_____
ROBERT C. JONES
United States District Judge