UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BROOKS HOFFMANN,

        Plaintiff,

vs.

SHEA MURPHY,

        Defendant.

Case No. 3:19-CV-00032-RCJ-CBC

**ORDER**

Ms. Katherine Parks, counsel for Defendant Shea Murphy, moves for attorney's fees after dismissal of this case. (ECF No. 24.) The Court already found the case to be frivolous and now finds that the fees requested are reasonable. Therefore, the Court grants the motion.

**FACTUAL BACKGROUND**

Plaintiff sued Defendant for six causes of action based on state and federal law regarding an incident that took place at the Lovelock Municipal Swimming Pool. The Court granted Defendant's motion to dismiss with prejudice, finding the case to be frivolous. (ECF No. 22.) Ms. Parks then filed the instant motion for attorney's fees. (ECF No. 24.) She swears by affidavit to have worked 28.6 hours and charged $180 per hour. (ECF No. 24 Ex. 1.) Multiplying these numbers, she requests a total of $5148. (*Id.*)

## LEGAL STANDARD

A "court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" for any action brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). A prevailing defendant may be awarded attorney's fees if plaintiff's action was frivolous. *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 419–20 (1978)).

The touchstone for reasonableness of attorney's fees is the lodestar figure, which is the amount of hours the attorney reasonably expended in the case multiplied by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a strong presumption that the lodestar amount is a reasonable amount. *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). However, this presumption may be overcome on consideration of twelve factors:

(1) the time and labor required,
(2) the novelty and difficulty of the questions involved,
(3) the skill requisite to perform the legal service properly,
(4) the preclusion of other employment by the attorney due to acceptance of the case,
(5) the customary fee,
(6) whether the fee is fixed or contingent,
(7) time limitations imposed by the client or the circumstances,
(8) the amount involved, and the results obtained,
(9) the experience, reputation, and ability of the attorneys,
(10) the "undesirability" of the case,
(11) the nature and length of the professional relationship with the client, and
(12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)); LR 54-14(b)(3).

///

///

# ANALYSIS

Following Ms. Parks' request for attorney's fees, Plaintiff filed what this Court construed as a motion for extension of time (ECF Nos. 26 and 27). In granting this motion, the Court reminded Plaintiff that LR 54-1(e) requires specific identification of disputed charges, the particular basis for the opposition, and supporting affidavits if necessary. (ECF No. 28 at 1:13–16.) Despite this reminder, Plaintiff's response fails to identify any specific charges disputed except one. In fact, the vast majority of Plaintiff's response attempts to reargue the merits of the underlying case.

The only exception is where Plaintiff alleges that Ms. Parks was counsel for defendants in a separate case regarding the same underlying conduct. (ECF No. 29 at 3:18–4:14.) Plaintiff argues that Ms. Parks' billing is duplicative, and therefore unreasonable, due to her earlier involvement. Ms. Parks contends that her familiarity with the underlying facts is irrelevant as Ms. Murphy was not a defendant in the prior case and the claims in the instant case differed from the claims brought in the prior case. (ECF No. 30 at 3:1–17.)

While familiarity with underlying facts may somewhat reduce the amount of time necessary to familiarize oneself with a case, such familiarity provides only slight benefit where the parties and the claims differ. Defendant was not a party in the first case, merely a subpoenaed witness who was not actually called to testify. The claims brought by Plaintiff in the first case were for defamation, breach of contract, tortious breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress. (ECF No. 8 Ex. 1.) Here, the claims brought by Plaintiff are entirely different, with the possible exception of the state tort claims. However, even if those underlying state tort claims are similar, they were dismissed on the merits via jury verdict in the first case and dismissed as untimely in the instant case, and therefore required a new and different legal analysis than that

originally used. Accordingly, the Court finds that Ms. Parks' familiarity with the underlying facts is not sufficient to render the requested fee award duplicative or unreasonable.

In the instant case, Plaintiff's action was deemed frivolous by the Court. (*See* ECF No. 22 at 3:12–13 ("Little analysis is needed. The Plaintiff's claims are frivolous and should be dismissed with prejudice for failure to state a claim.").) Consequently, attorney's fees are appropriate, and the Court need therefore only determine whether the amount requested is reasonable.

Ms. Parks requests a total of $5,148, representing 28.6 hours of labor at an hourly rate of $180. Analysis of rates in the relevant community—the Reno legal community—shows that her hourly rate is reasonable. *See, e.g.*, *Sanchez v. Elizondo*, No. 3:15-CV-474-RCJ-CBC, 2018 WL 5833052, at *2 (D. Nev. Nov. 7, 2018) (allowing hourly rate of $400); *Tr. of N. Nevada Operating Engineers Health & Welfare Tr. Fund v. Mach 4 Constr., LLC*, No. 3:08-CV-578-LRH-RAM, 2013 WL 5276590, at *2 (D. Nev. Sept. 18, 2013) (allowing hourly rate of $200).

Ms. Parks swears by affidavit that she reasonably spent 28.6 hours on the case and provides documentation of her time spent. (ECF No. 24 Ex. 1.) Plaintiff provides no meritorious objection to this figure. The Court is aware that other cases with successful motions to dismiss have ended with fewer hours spent. *See Tracy v. CEO, Successor for Deutsche Nat'l Tr. Co.*, No. 3:11-CV-436-LRH-VPC, 2012 WL 3069192, at *2 (D. Nev. July 26, 2012) (expenditure of eighteen hours in a case where defendant's motion to dismiss was granted and motion for attorney's fees was the 123rd entry in the docket). Nevertheless, the handwritten complaint and oppositional brief was largely unintelligible raising frivolous claims and arguments. Thus, the Court believes that the time spent is reasonable based on Ms. Parks' affidavit and supporting documentation.

The twelve factors largely indicate that that the award is reasonable. Six of the twelve factors weigh in favor of granting the full award. Ms. Parks spent 28.6 hours litigating this case. The issues involved were not novel but reasonably required extra work, because the filings were

handwritten and largely incomprehensible. The Court already found that the $180 per hour was a modest amount for attorney's in the area. She quickly succeeded in the litigation by winning on a motion to dismiss. Ms. Parks is a respected attorney in the area having practiced for over twenty years. Lastly, she became acquainted with Defendant from the previous lawsuit seven years ago.

The other factors either disfavor finding that the award was not applicable or are not helpful for this analysis. The case did not require extraordinary skill—winning a motion to dismiss on a case that the Court deemed to be frivolous. Ms. Parks admits that she did not forego other employment to take this case. The fee was at a fixed rate. There were not extra time limits imposed on Ms. Parks. The case was not "undesirable." The Court is unaware of a court that deemed an award of $5,148 in similar circumstances appropriate or not.

Since more factors favor finding that award appropriate than not and the strong presumption of reasonableness for lodestar figures, the Court declines to deviate from the lodestar figure provided by Ms. Parks. Accordingly, the Court grants Ms. Parks' motion.

The Court now turns to Plaintiff's requests leave to make a supplemental filing in response to Ms. Parks' motion for attorney's fees. A court may grant leave to make supplemental filings only where there is good cause. LR 7-2(g). Here, Plaintiff does not present good cause but merely attempts to reargue the merits of the underlying case once again. Therefore, the Court denies Plaintiff's motion.

Finally, because the Court denies Plaintiff's motion to make a supplemental filing, Defendant's motion to strike (ECF No. 32) is moot. Accordingly, the Court denies that motion.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion for Attorney's Fees and Costs (ECF No. 24) is GRANTED. Attorney's fees are awarded to Shea Murphy and against Brooks Hoffman in the amount of $5,148.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Make a Supplemental Filing (ECF No. 31) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (ECF No. 32) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: This 2nd day of March, 2020.

_____
ROBERT C. JONES
United States District Judge